**IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | | |
|---|---|---|
| Brian Budd | : | |
| 286 E. Main St. | : | |
| Plain City, Ohio 43064 | : | Civil Action No. 2:17-cv-401 |
| | : | |
| Chuck Collene | : | JUDGE |
| 3255 Parcher Rd. | : | |
| Bucyrus, Ohio 44820 | : | MAGISTRATE JUDGE |
| | : | |
| John Herritt | : | |
| 12527 State Route 521 | : | **Jury Demand Endorsed Hereon** |
| Sunbury, Ohio 43074 | : | |
| | : | |
| Thomas Oliver | : | |
| 204 Hawthorn Blvd. | : | |
| Delaware, Ohio 43015 | : | |
| | : | |
| Scott Young | : | |
| 2001 Jacinth Ct. | : | |
| Grove City, Ohio 43123 | : | |
| | : | |
| Marc Reed | : | |
| 301 S. Westminster St. | : | |
| Waynesfield, Ohio 45896 | : | |
| | : | |
| Plaintiffs, | : | |
| | : | |
| v. | : | |
| | : | |
| K.N.S. Services, Inc. | : | |
| 8450 Rausch Dr. | : | |
| Plain City, Ohio 43064 | : | |
| | : | |
| Defendant. | : | |

**COMPLAINT**

NOW COME Plaintiffs Brian Budd ("Plaintiff Budd"), Chuck Collene ("Plaintiff Collene"), John Herritt ("Plaintiff Herritt"), Thomas Oliver ("Plaintiff Oliver"), Scott Young ("Plaintiff Young"), and Marc Reed ("Plaintiff Reed") (collectively, "Plaintiffs") for their

complaint against Defendant K.N.S. Services, Inc. ("Defendant K.N.S." or "Defendant"), hereby state as follows:

## I. JURISDICTION AND VENUE

1. This action is brought pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §201, *et seq.*, the Ohio Minimum Fair Wage Standards Act, O.R.C. Chapter 4111 ("the Ohio Wage Act"), the Ohio Prompt Pay Act, O.R.C. § 4113.15 ("OPPA"), and 28 U.S.C. §1331.

2. This Court's jurisdiction in this matter is also predicated upon 28 U.S.C. §1367 as this Complaint raises additional claims pursuant to the laws of Ohio, over which this Court maintains supplemental subject matter jurisdiction.

3. Venue is proper in this forum pursuant to 28 U.S.C. §1391, because Plaintiffs entered into an employment relationship with Defendant in the Southern District of Ohio and Defendant has done substantial business in the Southern District of Ohio and has its headquarters in the Southern District of Ohio.

## II. NATURE OF THIS ACTION

4. This lawsuit seeks to recover overtime compensation for Plaintiffs who have worked as technicians for Defendant at all times relevant here pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201, *et seq*.

5. Defendant owns and operates a security equipment installation and service company that operates throughout the State of Ohio.

6. Defendant employs the Plaintiffs and other technicians to install, mount, maintain and service the security equipment, cameras and systems Defendant provides to its customers.

7. At all times relevant here, Defendant employed and continues to employ the Plaintiffs to this suit as technicians to perform non-exempt duties for Defendant.

8. At all times relevant here, it has been Defendant's policy to uniformly misclassify Plaintiffs and other technicians as exempt from federal and state overtime provisions and not to pay its technicians any overtime wages.[1] Defendant's policy is to pay Plaintiffs and other technicians a salary of their regular hourly rate for forty (40) hours per week regardless of how many hours per week they worked.

9. At all times relevant here, it has been Defendant's policy not to pay Plaintiffs and other technicians 1.5 times their regular hourly rate for hours worked over (40) hours per week, or to pay them anything other than their salary even when they work more than forty (40) hours per workweek.

10. The primary duties of technicians do not fall under any of the exemptions under federal or state overtime laws.

11. The primary duties of technicians are installing security, access control, intercom and closed-circuit television ("CCTV") systems; mounting security cameras; running cable to operate the security, access control, intercom and CCTV systems; installing power supplies; maintaining installed systems; troubleshooting and repairing installed systems; providing "on-call" customer support and repair services after-hours and on weekends; providing after-hours systems' installation; and performing other customer service, installation and repair services.

12. Defendant regularly requires Plaintiffs and other technicians to work in excess of forty (40) hours per week. However, Defendant fails to pay them 1.5 times their regular hourly rates for these hours worked over forty (40) in a workweek.

13. By the conduct described in this Complaint, Defendant has violated the FLSA by failing to pay its technicians, including the Plaintiffs to this suit, overtime wages they have

---

[1] Upon information and belief, Defendant may have at times paid overtime wages on only prevailing wage projects because pay records for such projects were subject to audit.

earned and to which they are entitled by law by misclassifying them as exempt when they are non-exempt.

## III. PARTIES

### a. Plaintiffs

14. The Plaintiffs are Brian Budd, Chuck Collene, John Herritt, Thomas Oliver, Scott Young, and Marc Reed, who are individuals and United States citizens.

15. At all times relevant herein, the Plaintiffs were/are "employees" of Defendant as defined in the FLSA, the Ohio Wage Act, OPPA, and Ohio Constitution Art. 2 §34a.

16. At all relevant times herein, the Plaintiffs were/are hourly non-exempt employees of Defendant as defined in the FLSA.

*Plaintiff Budd*

17. Plaintiff Budd is a resident of the State of Ohio.

18. Plaintiff Budd started working for Defendant in or around February 2007 as a technician and is still presently employed by Defendant as of the date of this filing.

19. Plaintiff Budd has been misclassified as exempt during the entirety of his employment as a technician with Defendant.

20. Plaintiff Budd is a covered employee within the meaning of the FLSA.

21. Plaintiff Budd's pay rate as of the date of this filing is $33 per hour. Plaintiff Budd regularly worked over 40 hours per week.

*Plaintiff Collene*

22. Plaintiff Collene is a resident of the State of Ohio.

23. Plaintiff Collene started working for Defendant on or around March 20, 2012 as a technician and is still presently employed by Defendant as of the date of this filing.

24. Plaintiff Collene has been misclassified as exempt during the entirety of his employment as a technician with Defendant.

25. Plaintiff Collene is a covered employee within the meaning of the FLSA.

26. Plaintiff Collene's pay rate as of the date of this filing is $25 per hour. Plaintiff Collene regularly worked over 40 hours per week.

*Plaintiff Herritt*

27. Plaintiff Herritt is a resident of the State of Ohio.

28. Plaintiff Herritt started working for Defendant on or around January 1, 2007 as a technician and is still presently employed by Defendant as of the date of this filing.

29. Plaintiff Herritt has been misclassified as exempt during the entirety of his employment as a technician with Defendant.

30. Plaintiff Herritt is a covered employee within the meaning of the FLSA.

31. Plaintiff Herritt's pay rate as of the date of this filing is $28 per hour. Plaintiff Herritt regularly worked over 40 hours per week.

*Plaintiff Oliver*

32. Plaintiff Oliver is a resident of the State of Ohio.

33. Plaintiff Oliver started working for Defendant in or around August of 2014 as a technician and is still presently employed by Defendant as of the date of this filing.

34. Plaintiff Oliver has been misclassified as exempt during the entirety of his employment as a technician with Defendant.

35. Plaintiff Oliver is a covered employee within the meaning of the FLSA.

36. Plaintiff Oliver's pay rate as of the date of this filing is $21.35 per hour. Plaintiff Oliver regularly worked over 40 hours per week.

*Plaintiff Young*

37. Plaintiff Young is a resident of the State of Ohio.

38. Plaintiff Young started working for Defendant on or around June 5, 2011 as a technician and is still presently employed by Defendant as of the date of this filing.

39. Plaintiff Young has been misclassified as exempt during the entirety of his employment as a technician with Defendant.

40. Plaintiff Young is a covered employee within the meaning of the FLSA.

41. Plaintiff Young's pay rate as of the date of this filing is $21.35 per hour. Plaintiff Young regularly worked over 40 hours per week.

*Plaintiff Reed*

42. Plaintiff Reed is a resident of the State of Ohio.

43. Plaintiff Reed started working for Defendant on or around August 19, 2012 as a technician and worked for Defendant until on or around October 4, 2014 when his employment ended.

44. Plaintiff Reed was misclassified as exempt during the entirety of his employment as a technician with Defendant.

45. Plaintiff Reed is a covered employee within the meaning of the FLSA.

46. Plaintiff Reed's last pay rate was $22.50 per hour. Plaintiff Reed regularly worked over 40 hours per week during his employment with Defendant.

**b. Defendant K.N.S. Services, Inc.**

47. Defendant K.N.S. Services, Inc. ("Defendant K.N.S." or "Defendant") is a domestic corporation with its principal place of business in the Southern District of Ohio. Defendant operates a security equipment installation / service company and employs the

Plaintiffs and other technicians to install, mount, maintain and service the security equipment, cameras and systems Defendant provides its customers.

48. Defendant is and has at all relevant times been an "employer" as that term is defined by the FLSA, the Ohio Wage Act, OPPA, and Ohio Constitution Art. 2 §34a, doing business in the Southern District of Ohio.

49. Defendant conducts substantial business in the Southern District of Ohio and has its headquarters in the Southern District of Ohio.

50. At all times relevant herein, Plaintiffs were "employees" of Defendant as defined in the FLSA, the Ohio Wage Act, OPPA, and Ohio Constitution Art. 2 §34a.

51. At all times relevant to this action, Defendant has been engaged in commerce or in the production of goods for commerce, and/or the business activities of Defendant constituted an enterprise engaged in commerce within the meaning of the FLSA.

52. Upon information and belief, Defendant's employees were engaged in interstate commerce and Defendant has annual gross volume sales and/or business in an amount not less than $500,000.00.

53. During relevant times, Defendant suffered and permitted Plaintiffs to work more than forty (40) hours per workweek, while not compensating them for all such hours worked over forty (40) at a rate of at least one and one-half times their regular rate of pay.

54. Upon information and belief, Defendant, at all times relevant hereto, was fully aware of the fact that it was legally required to comply with the wage and overtime payment laws of the United States and of the State of Ohio as well as record keeping laws of the State of Ohio.

Complaint – *Budd, et al. v. K.N.S. Services, Inc.*
Case No. 2:17-cv-401
Page 7 of 14

55. During relevant times, Defendant had knowledge of and acted willfully in regard to its conduct described herein.

56. Defendant is in possession and control of necessary documents and information from which Plaintiffs would be able to precisely calculate damages.

## IV. FACTUAL BACKGROUND

57. As part of its regular business practice, Defendant has intentionally, willfully, and repeatedly engaged in a pattern, practice, and/or policy of violating the FLSA with respect to Plaintiffs. This policy and pattern or practice includes, but is not limited to:

   a. willfully failing to pay Plaintiffs overtime wages for hours that they worked in excess of 40 hours per workweek; and

   b. willfully misclassifying Plaintiffs as exempt from the protections of the FLSA.

58. Throughout their employment with Defendant, Plaintiffs consistently worked more than 40 hours per week.

59. Defendant was aware that Plaintiffs worked more than 40 hours per workweek, yet Defendant failed to pay them any overtime compensation for any of the hours worked over 40 in a workweek.

60. Plaintiffs' primary duty was not management.

61. Plaintiffs' primary duties were non-exempt duties, as described in this Complaint.

62. Plaintiffs did not have the discretion or authority to make any decisions with respect to matters of significance and were required to follow the policies, practices, and procedures set by Defendant.

63. Plaintiffs were not exempt from receiving FLSA overtime benefits because, *inter alia*, they were not "executive," "administrative," or "professional" employees, as those terms are defined under the FLSA. See 29 C.F.R. §§ 541.0, et seq.

64. Plaintiffs were not exempt from receiving FLSA overtime benefits because, *inter alia*, they were not "learned professional" employees, as that term is defined under the FLSA. See 29 CFR § 541.301.

## V. CAUSES OF ACTION

### FIRST CAUSE OF ACTION
### FLSA –UNPAID OVERTIME

65. All of the preceding paragraphs are realleged as if fully rewritten herein.

66. Defendant has engaged in a widespread pattern and practice of violating the FLSA, as described in this Complaint.

67. At all relevant times, Plaintiffs were engaged in commerce and/or the production of goods for commerce within the meaning of 29 U.S.C. §§ 206(a) and 207(a).

68. The overtime wage provisions set forth in §§ 201 *et seq.* of the FLSA apply to Defendant.

69. Defendant is an employer engaged in commerce and/or the production of goods for commerce within the meaning of 29 U.S.C. §§ 206(a) and 207(a).

70. At all times relevant, Plaintiffs were employees within the meaning of 29 U.S.C. §§ 203(e) and 207(a).

71. At all relevant times, the job duties of Plaintiffs and other technicians for Defendant primarily consisted of general security systems installation, maintenance and repair, among other non-exempt duties.

Complaint – *Budd, et al. v. K.N.S. Services, Inc.*
Case No. 2:17-cv-401
Page 9 of 14

72. Defendant has failed to pay Plaintiffs the overtime wages to which they were entitled under the FLSA because they were misclassified as exempt employees.

73. Plaintiffs routinely worked in excess of forty (40) hours per week.

74. Plaintiffs should have been paid the overtime premium for hours worked in excess of forty (40) hours per week but were not.

75. Defendant's violations of the FLSA, as described in this Complaint, have been willful and intentional. Defendant has failed to make a good faith effort to comply with the FLSA with respect to its compensation of Plaintiffs.

76. Because Defendant's violations of the FLSA have been willful, a three-year statute of limitations applies, pursuant to 29 U.S.C. § 255.

77. As a result of Defendant's willful violations of the FLSA, Plaintiffs have suffered damages by being denied overtime wages in accordance with 29 U.S.C. §§ 201, *et seq*.

78. As a result of the unlawful acts of Defendant, Plaintiffs have been deprived of overtime compensation and other wages in amounts to be determined at trial, and are entitled to recovery of such amounts, liquidated damages, prejudgment interest, attorneys' fees, costs and other compensation pursuant to 29 U.S.C. § 216(b).

## SECOND CAUSE OF ACTION
## R.C. 4111.03 – UNPAID OVERTIME

79. All of the preceding paragraphs are realleged as if fully rewritten herein

80. This claim is brought under Ohio Law.

81. The Ohio Wage Act requires that covered employees be compensated for every hour worked in a workweek. See O.R.C. §§ 4111 et seq., See also, 29 U.S.C §206(b)

82. The Ohio Wage Act requires that employees receive overtime compensation "not less than one and one-half times" the employee's regular rate of pay for all hours worked over 40

in one workweek, "in the manner and methods provided in and subject to the exemptions of section 7 and section 13 of the "Fair Labor Standards Act of 1938. See O.R. C. § 4111.03 (A), See also, 29 U.S.C. § 207 (a)(1)

83. Plaintiffs were covered employees entitled to the Ohio Wage Act's protections

84. Plaintiffs were not exempt from receiving Ohio Wage Act overtime benefits because Plaintiffs were not exempt "executive," "administrative," or "professional" employees, as those terms are defined under the FLSA. See O.R.C. 4111.03(A), See also 29 C.F.R. §§ 541.0, et seq.

85. Plaintiffs were not exempt from receiving FLSA overtime benefits because, *inter alia*, Plaintiffs were not "learned professional" employees, as that term is defined under the FLSA. *See* 29 CFR §541.301.

86. Defendant is a covered employer required to comply with the Ohio Wage Act's mandates.

87. Defendant violated the Ohio Wage Act with respect to Plaintiffs by failing to compensate them at the rate of one and one-half times their regular rate of pay for all hours worked in excess of forty (40) hours in a workweek.

88. In violating the Ohio Wage Act, Defendant acted willfully and with reckless disregard of clearly applicable Ohio Wage Act provisions.

89. For Defendant's violations of the Ohio Wage Act, Plaintiffs have suffered damages. Plaintiffs seek unpaid overtime and other compensation, liquidated damages, interest and attorneys' fees, and all other remedies available.

**THIRD CAUSE OF ACTION**
**R.C. 4113.15 —OPPA VIOLATION**

90. All of the preceding paragraphs are realleged as if fully rewritten herein.

91. During relevant times, Defendant was covered by the OPPA and Plaintiffs were employed by Defendants within the meaning of the OPPA.

92. The OPPA requires Defendant to pay Plaintiffs all wages, including unpaid overtime, on or before the first day of each month, for wages earned by them during the first half of the preceding month ending with the fifteenth day thereof, and on or before the fifteenth day of each month, for wages earned by them during the last half of the preceding calendar month. *See* O.R.C. § 4113.15(A).

93. During relevant times, Plaintiffs were not paid all wages, including overtime wages at one and one-half times their regular rate within thirty (30) days of performing the work. *See* O.R.C. § 4113.15(B).

94. Plaintiffs' unpaid wages remain unpaid for more than thirty (30) days beyond their regularly scheduled payday.

95. In violating the OPPA, Defendant acted willfully, without a good faith basis and with reckless disregard of clearly applicable Ohio law, and its actions entitle Plaintiffs to liquidated damages in the amount of six percent of the amount of the unpaid overtime compensation owed or two hundred dollars, whichever is greater.

## FOURTH CAUSE OF ACTION
## RECORDKEEPING VIOLATIONS OF THE OHIO WAGE ACT

96. All of the preceding paragraphs are realleged as if fully rewritten herein.

97. The Ohio Wage Act requires employers to maintain and preserve payroll or other records containing, among other things, the hours worked each workday and the total hours worked each workweek. *See* O.R.C. § 4111.08. *See also*, 29 C.F.R. §§ 516.2 *et seq*.

98. During all times material to this complaint, Defendant was a covered employer, and were required to comply with the Ohio Wage Act's mandates.

99. Plaintiffs were covered employees entitled to the protection of the Ohio Wage Act.

100. During times material to this complaint, Defendant violated the Ohio Wage Act with respect to Plaintiffs by failing to properly maintain accurate records of all hours Plaintiffs worked each workday and within each workweek.

101. In violating the Ohio Wage Act, Defendant acted willfully and with reckless disregard of clearly applicable Ohio Wage Act provisions.

## VI. PRAYER FOR RELIEF

WHEREFORE, the Plaintiffs request judgment against the Defendant for an Order:

A. Finding that Defendant has failed to keep accurate records in accordance with the FLSA and Ohio law, Plaintiffs are entitled to prove their hours worked with reasonable estimates;

B. Awarding Plaintiffs unpaid compensation, including overtime wages as to be determined at trial together with any liquidated damages allowed by the FLSA;

C. Awarding Plaintiffs unpaid compensation, including overtime wages as to be determined at trial together with any liquidated damages allowed by Ohio Law;

D. Awarding Plaintiffs costs and disbursements and reasonable allowances for fees of counsel and experts, and reimbursement of expenses;

E. Awarding Plaintiffs such other and further relief as the Court deems just and proper;

F. Issuing an injunction prohibiting Defendant from engaging in present, ongoing and future violations of the FLSA and Ohio Law;

G. Granting Plaintiffs leave to amend to file additional claims for relief or different causes of action should information become available through investigation and discovery; and

H. Rendering a judgment against Defendant for all damage, relief, or any other recovery whatsoever.

Respectfully submitted,

*/s/ Matthew J.P. Coffman*
Matthew J.P. Coffman (0085586)
**COFFMAN LEGAL, LLC**
1457 S. High St.
Columbus, Ohio 43207
Phone: 614-949-1181
Fax: 614-386-9964
Email: mcoffman@mcoffmanlegal.com

Peter Contreras (0087530)
**CONTRERAS LAW, LLC**
PO Box 215
Amlin, Ohio 43002
Phone: 614-787-4878
Fax: 614-923-7369
Email: peter.contreras@contrerasfirm.com

*Attorneys for Plaintiffs*

## JURY DEMAND

Plaintiff requests a trial by a jury of eight (8) persons.

*/s/ Matthew J.P. Coffman*
Matthew J.P. Coffman (0085586)